**Ruth CRAWFORD, Executrix of the Estate of Percy B. Crawford, Dec., Plaintiff-Appellant,**

v.

**COLBY BROADCASTING CORPO-RATION and Julian Colby, Defendants-Appellees.**

No. 16135.

United States Court of Appeals Seventh Circuit.

Nov. 29, 1967.

Russell C. Dilks, Philadelphia, Pa., Richard M. Keck, Chicago, Ill., for appellant.

M. Robert Sturman, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Ruth M. Crawford, plaintiff-appellant, brought this suit in the District Court under 15 U.S.C.A. § 15 [1] seeking to recover treble damages, costs, and a reasonable attorney's fee, and for injunctive relief against the defendants. The court granted defendants' motion to dismiss plaintiff's amended complaint, and dismissed the action. Plaintiff appealed.

Insofar as pertinent to the issues presented on appeal, the allegations of plaintiff's amended complaint are, in substance, that prior to May 6, 1959, South Shore Broadcasting Company (to which defendant Colby Broadcasting Corporation is the successor by merger) owned and operated radio stations WJOB (an AM station) and WJOB–FM which engaged in broadcasting and in the solicitation of advertising in interstate commerce; that under date of May 6, 1959, South Shore and plaintiff's decedent, Percy B. Crawford, entered into a lease-purchase agreement [2] under which the corporation's license to operate radio station WJOB–FM was assigned to Crawford; that pursuant to the agreement the station's call letters were to be changed, and they were subsequently changed to WYCA; that "for the purpose of restraining interstate commerce in radio broadcasting in Indiana and Illinois and of obtaining a monopoly of radio broadcasting in Hammond, Indiana, South Shore refused to assign its license without the purchaser agreeing to a covenant not to compete for advertising, other than churches, throughout almost all of WJOB's broadcast pattern in Indiana and Illinois and coerced Crawford into accepting such a covenant", which covenant so unreasonably limited the opportunities of WYCA to obtain advertising revenue as to render WYCA's continued existence impossible without release from the restrictive covenant; that for the aforesaid purposes the defendants Colby Broadcasting Corporation and Julian Colby, the latter a substantial stockholder in and president of the corporation, compelled Crawford's Estate, in order to obtain a release from the restrictive covenant, to agree to make certain additional payments,[3] being a percentage of WYCA's advertising revenues, with a minimum monthly payment provided, and committed certain other additional acts, all for the ultimate purpose of driving WYCA out of business as an independent competitive factor in radio broadcasting.

The District Court, relying on this Court's recent decision in Crest Auto Supplies, Inc. v. Ero Manufacturing Company, 7 Cir., 360 F.2d 896, grounded its dismissal of the action on the applicability of the *in pari delicto* doctrine. The

1. Plaintiff also asserts the existence of diversity and pendent jurisdiction, and liability under the provisions of Indiana anti-trust statutes. 5 Burns' Ind.Stats. Ann. Sections 23–116, 23–117 and 23–122.

2. The agreement provided for the transfer of title to the transmitter, monitors and console used for the FM broadcasting to the lessor-purchaser at the end of the 10 year lease period; until July 1, 1963, the use of WJOB's antenna and tower, use of certain space for studio and office purposes, the furnishing of the electrical power and engineering personnel necessary to the FM operation; and that "for a period of ten years following consummation, neither Buyer nor any company or group in which he is a principal shall compete for advertisers, except churches, with Station WJOB in Lake and Porter Counties, Indiana; Will County, Illinois and in the communities of Chicago Heights, Harvey, Dalton and Riverdale, Illinois".

3. An amendatory agreement executed May 25, 1962, for this purpose also extended to September 13, 1969, the period during which Colby Broadcasting Corporation is to permit WYCA to use its antenna and tower, furnish space for studio and office purposes, and furnish electrical power and engineering personnel.

court appraised the allegations of the amended complaint as:

"* * * reveal[ing] the voluntary character of decedent's action in entering into the contract initially, he accepted the restrictive covenant to procure the assignment of the license. No facts are alleged indicating he was compelled to purchase the license in the first instance, with the restrictive covenant. That is the transaction which he entered into voluntarily, and therefore is under the ban of the pari delicto doctrine."

In this connection, the court concluded that the allegation that defendants "coerced Crawford into accepting such a covenant" is in the nature of a conclusion of law which the motion to dismiss does not admit. But, wholly apart from the question of whether, in view of the context in which such allegation is made, the court was correct in so concluding, the availability of the *in pari delicto* defense requires something more than that the party against whom it is asserted merely accepted a contract containing an illegal restraint instead of refusing to deal. Simpson v. Union Oil Co., 377 U.S. 13, 84 S.Ct. 1051, 12 L.Ed.2d 98.

The District Court's reliance on Crest Auto Supplies, Inc. v. Ero Manufacturing Company, supra, was therefore misplaced. In both Crest and Perma Life Mufflers, Inc. v. International Parts Corporation, 7 Cir., 376 F.2d 692, also cited by defendants, neither of which was decided on the bare bones of a complaint,[4] the plaintiffs were shown to have engaged in conduct having the effect of encouraging and perpetuating the "wrong"

with respect to which they later complained. They sought and acquired additional franchises containing the restrictions alleged to have been illegal. They cooperated with the defendants in the very conduct for which they later sought recovery. Desirous of bettering their own economic positions the plaintiffs embraced the proposition offered by the defendants. Thus, neither *Crest* nor *Perma Life* is dispositive here.

We believe it clear that the mere fact that a plaintiff has entered into an agreement which imposes an unlawful restraint upon him does not sustain the *in pari delicto* defense as a matter of law. The question to be resolved in determining the applicability of that defense is whether the plaintiff was an active and willing participant in the unlawful restraint (Northwestern Oil Co. v. Socony-Vacuum Oil Co., 7 Cir., 138 F.2d 967) or simply a "victim" thereof (Bales v. Kansas City Star Co., 8 Cir., 336 F.2d 439, 444 and Ring v. Spina, 2 Cir., 148 F.2d 647, 653).

Accordingly, we hold that the plaintiff's complaint is not vulnerable *on its face* to the *in pari delicto* defense. We express no opinion as to the merit of plaintiff's claim. Nor do we adjudicate the ultimate availability of the *in pari delicto* defense the defendants urge. We decide only that the complaint as tested by defendants' motion[5] is sufficient.

The judgment order of dismissal is reversed, and the cause is remanded to the District Court for further proceedings consistent herewith.

Reversed and remanded.

---

4. The summary judgment in Crest was entered upon consideration of the depositions of the plaintiffs and the affidavits filed by defendant, as well as the pleadings. 360 F.2d 896, 900. In Perma Life the summary judgment was entered "on a voluminous record and after numerous protracted hearings". 376 F. 2d 692, 693.

5. Defendants' motion to dismiss urged as additional grounds that the suit is barred by limitations, that the restrictive cove-

nant was valid as "reasonable", and that the amendatory agreement removing the restrictive covenant constitutes an accord and satisfaction. The District Court did not base its ruling dismissing the action upon any of these grounds. None of these defenses is established on the face of the complaint, without more, and defendants' Rule 12(b) (6) motion (Federal Rules of Civil Procedure, 28 U.S.C.A.) unaccompanied by supporting affidavit, served to establish no additional facts.